Eastern District of Kentucky
FILED
NOV 15 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CRIMINAL ACTION NO. 04-21-JBC
(Civil Action No. 05-70-JBC)

UNITED STATES OF AMERICA,            PLAINTIFF

V.        **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

WILLIAM WINKLE,            DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the motion of defendant William Winkle ("Winkle"), *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on October 27, 2004. This motion has been fully briefed and is ripe for review.

By standing order of the District Court this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2004, a federal grand jury returned a five-count indictment against Winkle. Count 1 thereof charged that on or about January 10, 2004, Winkle knowingly and intentionally distributed five grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); Count 2 thereof charged that on or about January 10, 2004, that Winkle, being a convicted felon, did knowingly possess, in and affecting commerce, a firearm, to-wit: a Mossberg 12 gauge shotgun, Model 500A, in violation of 18 U.S.C. § 922(g)(1); Count 3 thereof charged that on or about January 22, 2004, Winkle knowingly and intentionally possessed with intent to distribute five grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); and, Counts 4 and 5 of the indictment sought the forfeiture of $4,300 in United States Currency and a Mossberg 12 gauge shotgun, model 500A, serial number

P437268, respectively, to the United States of America, pursuant to 21 U.S.C. § 853, in respect to the currency, and 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, in respect to the firearm.

Winkle was arraigned on these charges on February 27, 2004. In the interim between his initial appearance in this matter and his arraignment, Winkle, with counsel, entered into plea negotiations with the United States, resulting in a plea agreement wherein he agreed to plead guilty to Counts 3 and 4 of the indictment; therefore, pursuant to his Plea Agreement, on February 27, 2004, Winkle pled guilty to Count 3 of the indictment, and agreed to the forfeiture of $4,300 in United States currency to the government. His Plea Agreement was filed of record, and the court accepted his guilty plea thereto.

On October 27, 2004, Winkle was sentenced and received a 60-month sentence of imprisonment, to be followed by a four-year term of supervised release. On oral motion of the United States at sentencing, Counts 1 and 2 of the indictment were dismissed.

No direct appeal was filed.

### III. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On February 22, 2005, Winkle filed the present § 2255 motion, challenging his sentence as being unconstitutional under *United States v. Booker*, 125 S.Ct. 738 (2005), *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Winkle also asserts that no amount of drugs was included in Count 3 of the indictment and that his counsel was ineffective for failing to challenge his sentence enhancements prior to imposition of sentence. Winkle further argues that due to the ineffectiveness of his counsel at sentencing, he received a 60-month sentence, when he should have received a sentence in the range of 21 - 27 months. Subsequent to the United States Supreme Court's decision in *Shephard v. United States*, 125 S.Ct. 1254 (March 7, 2005), Winkle supplemented his § 2255 motion, arguing that he is also entitled to relief under *Shephard* by reason of the fact that his prior convictions were never presented to or found by a jury, as Winkle asserts is required by *Shephard*, and that his counsel was ineffective for persuading him to plead guilty and failing to challenge his prior convictions at sentencing.

2

In response to the motion to vacate, the United States asserts that pursuant to the terms of his plea agreement, Winkle waived his right to file a direct appeal of his conviction and sentence and waived his right to collaterally attack his conviction and sentence and that this waiver was informed and voluntary; therefore, Winkle now has no right to bring the claims raised in the present § 2255 motion, including his claim for ineffective assistance of counsel.[1]

## Analysis

### Waiver of right to collaterally attack conviction and sentence

In considering this matter, the Magistrate Judge has reviewed the terms of Winkle's Plea Agreement he entered into with the United States on February 27, 2004, and that was filed of record on February 27, 2004. [DE #11]. The following paragraphs of Winkle's Plea Agreement are relevant to his § 2255 motion:

> 10. The Defendant agrees he has two prior drug felony convictions which are final and therefore he is subject to an enhanced penalty of mandatory life.
>
> 11. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. The Defendant also waives the right to appeal and the right to attack collaterally any sentence, including any order of restitution, that does not exceed 144 months of imprisonment.
>
> . . .
>
> 14. The Defendant will cooperate fully with the United States in the investigation or prosecution of the matters in the Indictment and all related matters, including but not limited to testifying truthfully in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The determination as to whether the Defendant has provided substantial assistance is solely within the decision of the United States. If the United States makes a motion for a downward departure, it will recommend a sentence of not more than 144 months in prison. The Defendant acknowledges that such a recommendation is not binding on the Court.

---

[1] The United States also responded to Winkle's claims on the merits.

. . .

    19.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

. . .

    21.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Plea Agreement, pages 4, 6, 7-8 [DE #11].

It is clear from numerical ¶ 11 of Winkle's Plea Agreement that in exchange for the concessions made by the United States, he waived his right to appeal his guilty plea and conviction, his right to challenge his guilty plea and conviction in any collateral attack, including the filing of a § 2255 motion, and his right to challenge any sentence that did not exceed 144 months. Thus, the Magistrate Judge must now determine whether Winkle's waiver of the foregoing rights was an informed, voluntary, and knowing waiver. At Winkle's arraignment/guilty plea proceeding on February 27, 2004, at the court's request, the United States, by counsel, Assistant United States Attorney Kevin C. Dicken, summarized the essential terms of the Plea Agreement, wherein Mr. Wohlander stated, in pertinent part, as follows:

> MR. DICKEN: Mr. Winkle agrees to plead guilty to Cunt 3, which charges him possession with intent to distribute more than 50 grams of methamphetamine, and he also agrees to the forfeiture of the currency listed in Count 4.
>     We have agreed to the essential elements of each of those offenses, and we've agreed to a factual basis to support his plea to each of those offenses. We've also agreed that in this case his statutory penalty, because the defendant has two prior drug trafficking – drug felony convictions, it's a mandatory life and up to an $8 million fine. The statutory penalty for Count 4, of course, is the forfeiture.
>
> . . .
>
>     The defendant agrees to waive his right to appeal his guilty plea, conviction, and any sentence that is less than or equal to 144 months.

(Arraignment/Guilty Plea Proceeding, 2/27/04, pp. 8-9).

4

Subsequently, at the conclusion of Mr. Dicken's summary of the essential terms of the Plea Agreement, the court asked Winkle if that was his understanding of the Plea Agreement, to which Winkle responded, "Yes, ma'am." Id., p. 10. Thereafter, the following colloquy occurred between the court and Winkle:

> THE COURT: And with regard to this waiver, you've waived or given up your right of appeal and your right to collaterally attack, which just means filing a separate lawsuit attacking the guilty plea and conviction and your sentence. Do you give those rights over voluntarily?
>
> THE DEFENDANT: Yes, mam.
>
> THE COURT: And do you understand that if you hadn't given up those rights, that you would have the right to – to appeal or to file a separate lawsuit?
>
> THE DEFENDANT: Yes, mam.

(Arraignment/Guilty Plea Proceeding, 2/27/04, pp. 10-11).

## Applicable Law

In Hunter v. United States, 160 F.3d 1109, 1113 (6th Cir. 1998), the Sixth Circuit held that a waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. Thereafter, in Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." However, at that time, the Sixth Circuit did not address the question of whether the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel. Subsequently, in Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit addressed that question, holding as follows:

> We hold that Davila's waiver effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.

Thus, in view of Hunter, Watson and Davila, if the court determines in the present action that Winkle's waiver of his right to collaterally attack his guilty plea and conviction was knowing, intelligent, and voluntary, then Winkle has waived his right to collaterally challenge his guilty plea

5

and conviction in a § 2255 motion, including any claim he might have had for ineffective assistance of counsel.

Based on a review of the record, including a review of the transcript of Winkle's arraignment/guilty plea proceeding, the Magistrate Judge concludes that Winkle's waiver of his right to collaterally attack his guilty plea and conviction was knowing, intelligent, and voluntary, including his claim of ineffective assistance of counsel asserted in his § 2255 motion. This conclusion is based on the fact that (1) the waiver of Winkle's right to collaterally attack his guilty plea, conviction, and sentence is plainly stated in numerical ¶ 11 of Winkle's plea agreement, (2) when questioned by the court at his arraignment/guilty plea proceeding on February 27, 2004, as to whether the prosecutor had correctly summarized the essential terms of his plea agreement, as he understood them, Winkle responded in the affirmative, and (3) in responding to further questioning by the court concerning whether he understood the rights he had agreed to waive by entering into this Plea Agreement, and particularly the waiver of his right to appeal and to collaterally attack his guilty plea, conviction, and sentence, and whether he was surrendering those rights voluntarily, Winkle answered in the affirmative.

Consequently, the Magistrate Judge concludes that since Winkle's sentence was within the applicable maximum statutory penalty range, he has waived the right to collaterally attack his guilty plea and conviction in the present § 2255 motion, including his claim of ineffective assistance of counsel.[2]

---

[2] Based on the foregoing conclusion that Winkle has waived his right to file the present § 2255 motion, in the interests of making the most efficient use of limited judicial resources, at this juncture, the Magistrate Judge need not conduct an in-depth analysis of Winkle's claims on the merits, *i.e.*, that his sentence was imposed in violation of *Apprendi, Blakely,* and *Shephard,* and that he received ineffective assistance of counsel.

## IV. CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside sentence, for the reasons previously stated, the Magistrate Judge concludes that Winkle's § 2255 motion should be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of defendant, William Winkle, filed under § 2255, to vacate, correct, or set aside sentence [DE #48] be **DENIED**.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P 72 (b).

This 15th day of November, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE