UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-70-JBC**
**CRIMINAL ACTION NO. 04-21-JBC**

UNITED STATES OF AMERICA,                                          PLAINTIFF,

V.                        <u>ORDER</u>

WILLIAM WINKLE,                                                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Report and Recommendation of United States Magistrate Judge James B. Todd recommending that the defendant's §2255 motion be denied. Mr. Winkle, the defendant/petitioner, objects to the report and recommendation, arguing that he received ineffective assistance of counsel, that he did not knowingly waive his right to a jury trial, and that his sentence is unconstitutional in light of recent Supreme Court opinions. The court, having reviewed the matter *de novo* in light of the petitioner's objections, will accept the report and recommendation and deny the motion.

**Facts and Procedural History**

The court adopts the facts and procedural history recited in the magistrate judge's report and recommendation.

**Analysis**

As part of his plea agreement, Mr. Winkle gave up his right to appeal, or to collaterally attack his guilty plea, his conviction, or any sentence that does not exceed 144 months in prison. (Plea Agreement ¶ 11). The Sixth Circuit has held that these types of waiver provisions are binding so long as they are made knowingly and voluntarily. *Hunter v.*

*United States*, 160 F.3d 1109, 1113 (6th Cir. 1998); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Such waivers even preclude the ability to bring a §2255 motion alleging ineffective assistance of counsel. *Davila v. United States*, 258 F.3d 448, 451.

In this case, Mr. Winkle's waiver of his right to file a §2255 motion was knowing and voluntary. During his sentencing, Mr. Winkle admitted that "he had read [the plea agreement] or had someone read it to [him]." (Transcript of Rearraignment, 7:23-25). He also admitted that he discussed it with his lawyer until he fully understood it. (*Id.* at 8:1-3). When the government explained the essential terms of the agreement "in words a non-lawyer can easily understand," Mr. Winkle understood that he waived "his right to appeal his guilty plea, conviction, and any sentence that is less than or equal to 144 months." (*Id.* at 8:10-15, 9:16-18, 10:9-14). When the court asked whether he understood that he was waiving his right to collaterally attack his guilty plea or his sentence, Mr. Winkle said that he did. (*Id.* at 10:21-25, 11:1-5). Finally, Mr. Winkle agreed that his plea was voluntary. (*Id.* at 11:16-18, 13:3-6).

Because Mr. Winkle knowingly and voluntarily waived his right to file a §2255 motion, the court will not consider its merits. Accordingly,

**IT IS ORDERED** that the magistrate judge's Report and Recommendation (DE 61) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the defendant's motion to vacate his sentence under 28 U.S.C. §2255 (DE 48) is **DENIED**.

Signed on December 8, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY